Daniel E. Fitzpatrick, J.
Application for an order of prohibition restraining the respondent from proceeding to punish the petitioner for criminal contempt for refusing to comply with an order made by the respondent as a Judge of the Family Court.
On January 9, 1963, the respondent adjudged one “ Linda ” to be a “ person in need of supervision ” and ordered her placed in Westfield State Farm for an 18-month period. On January 16, 1963, the petitioner, as Superintendent of Westfield, refused to accept Linda on the ground that Westfield is a reformatory and, therefore, can accept only certain juvenile delinquents or persons convicted of a crime (Correction Law, § 270; Family Ct. Act, § 758). Linda was thereupon returned to the Women’s House of Detention in the City of New York.
Thereafter, respondent signed ah order requiring the petitioner to show cause on February 8,1963, why she should not be punished for criminal contempt for refusing to accept Linda at Westfield. Petitioner thereupon sued out this application for an order of prohibition to restrain the respondent from continuing with the contempt proceeding.
Section 156 of the Family Court Act specifically provides that 1 ‘ the family court may not treat a violation of any order of disposition as a civil or criminal contempt, unless specifically empowered to do so under this act.” Respondent’s order placing Linda at Westfield was an order of disposition and no specific power to punish petitioner has been cited.
In the general reorganization of the court system of the State of New York, the Family Court was established by the Family Court Act (L. 1962, ch. 686). The Family Court replaces the Domestic Relations Court of the City of New York and the Children’s Courts in the remaining 57 counties of the State.
The Family Court Act created a new category of child known as a “ person in need of supervision”. Such classification is distinct from the “ juvenile delinquent ” as appears from their definitions set forth in section 712 of the act.
Subdivision (a) of section 712 defines a juvenile delinquent as “ a person over seven and less than sixteen years of age who does an act which, if done by an adult, would constitute a crime. ’ ’
*123 Subdivision (b) of section 712 defines a person in need of supervision as “ a male less than sixteen years of age and a female less than eighteen years of age who is an habitual truant or who is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of parent or other lawful authority.”
Thus, while a person in need of supervision may have undesirable traits which need correction, he has not done an act which would constitute a crime if done by an adult.
As might be expected in the light of this difference in conduct, the Legislature has provided for different treatment for the two classes of children (§§ 753, 754).
While either child may receive a suspended sentence, be put on probation or be “placed” pursuant to section 756, the juvenile delinquent may also be “ committed ” pursuant to section 758. Section 756 provides for placement of a child in his or her own home, or in the custody of a relative, or an “ authorized agency ”.
The dispute here revolves around the meaning of an “ authorized agency ” as used in section 756. Respondent contends that Westfield is an “ authorized agency ”. Petitioner contends that it is not. Obviously, the term 6 ‘ authorized agency 5 ’ is susceptible of different meanings to different minds. Section 119 of the Family Court Act defines an authorized agency as, among other things, “ any institution supported or controlled by the state ”. This definition is not helpful because Sing Sing Prison is an institution supported and controlled by the State and manifestly would not be an authorized agency in the circumstances here.
Some inkling of the Legislature’s intent may be derived from two sources: (1) by reference to section 758 of the act dealing with the commitment of juvenile delinquents and (2) by reference to the report of the legislative committee which recommended enactment of the Family Court Act.
Section 758 specifically provides that Westfield would be a suitable agency to receive female juvenile delinquents who have been so adjudicated because of an act which, if committed by an adult, would constitute, in the first degree, assault, burglary, manslaughter or any crime punishable by death or life imprisonment. It is apparent, therefore, that the Legislature deemed Westfield suitable only for those juvenile delinquents found guilty of the more serious offenses.
The Second Report of the Joint Legislative Committee on Court Reorganization dealing with the new State-wide Family Court Act specifically states in Table 7 thereof: “ The West-field State Farm is a reformatory under the jurisdiction of the *124 Department of Correction. In addition to girls sent there by Girls’ Term, this reformatory also receives women from 16 to 30 years of age who have been convicted of crimes, including felonies. The Committee does not believe that girls who have not committed any crime should be sent to such an institution. ’ ’
It is apparent from the above report, as well as from the text of the Family Court Act itself, that the Legislature did not consider Westfield to be an authorized agency for the placement of persons in need of supervision.
This interpretation also harmonizes the provisions of the Family Court Act with section 270 of the Correction Law wherein Westfield is designated as one of two reformatories to receive direct commitments of female persons between the ages of 16 and 30 committed pursuant to section 2187-a of the Penal Law.
It follows that respondent does not have the power to punish the petitioner for contempt for failing to receive Linda.
Accordingly, the application for an order of prohibition is granted.